Citation Nr: 1536753 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 12-26 648 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and major depressive disorder.


REPRESENTATION

Veteran represented by: Robert Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel


INTRODUCTION

The Veteran had active duty service from September 1972 to October 1973.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision by the New Orleans, Louisiana Department of Veterans Affairs (VA) Regional Office (RO).

The Board notes that the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder was original adjudicated by the RO as entitlement to service connection for PTSD. However, in Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009), the United States Court of Appeals for Veterans Claims (Court) held that, in determining the scope of a claim, the Board must consider the claimant's description of the claim; symptoms described; and the information submitted or developed in support of the claim. In light of the Court's decision in Clemons, the Board has recharacterized the issue on appeal as entitlement to service connection for an acquired psychiatric disorder, to include PTSD and major depressive disorder. 

In September 2013, the Veteran testified before a Veterans Law Judge at a Videoconference hearing. A hearing transcript has been associated with the record.

In December 2013, the Board requested a medical expert opinion from the Veterans Health Administration (VHA) pursuant to 38 U.S.C.A. § 5107(a) (West 2014) and 38 C.F.R. § 20.901 (2015). That requested medical opinion was rendered in December 2013 and VA subsequently provided a copy of that opinion to the Veteran and his then representative.

The Board denied the instant claim in a February 2014 decision. The Veteran subsequently appealed the February 2014 Board decision to the Court. In March 2015, the Court granted the Joint Motion for Remand (JMR) filed by representatives of both parties, vacating the Board's decision, and remanding the claim to the Board for further proceedings consistent with the JMR.

In addition, the Board notes that the Veteran has been represented by several different Veterans Service Organizations and individuals during the course of the appeal. In May 2010, the Veteran filed a VA Form 21-22 (Appointment of Veterans Service Organization as Claimant's Representative) appointing the Disabled American Veterans as his representative. In July 2015, VA received a VA Form 21-22a (Appointment of Individual as Claimant's Representative) appointing Robert Chisholm as his attorney. The Board recognizes this change in representation.

Further, the Board notes that the Veterans Law Judge who conducted the September 2013 hearing has since retired and is no longer employed by the Board. In a July 2015 letter, the Veteran's attorney indicated that the Veteran did not desire a new hearing. The Board will therefore proceed with a decision on the claim on appeal.

In July 2015, the Veteran's attorney submitted additional evidence in support of the Veteran's claim, namely a July 2015 private psychological opinion. This evidence was also accompanied by a waiver of agency of original jurisdiction consideration. See 38 C.F.R. § 20.1304(c) (2015). 

This appeal is being processed using the Veterans Benefits Management System (VBMS) paperless, electronic claims processing system. The Board notes that, in addition to the VBMS file, there is a separate paperless, electronic Virtual VA file associated with the Veteran's claim. A review of the Virtual VA file reveals VA treatment records dated through September 2011; such records were considered in the April 2013 supplemental statement of the case. The remaining documents in the Virtual VA file are either irrelevant to the claim on appeal or duplicative of those documents contained in the VBMS file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).




FINDINGS OF FACT

1. The Veteran's reported non-combat stressor, namely an in-service personal assault, has been verified.

2. The competent opinion evidence on the question of whether the Veteran's current acquired psychiatric disorder, namely PTSD and major depressive disorder, is etiologically related to service is, at least, in relative equipoise.


CONCLUSION OF LAW

Resolving all reasonable doubt in the Veteran's favor, the criteria for service connection for an acquired psychiatric disorder, namely PTSD and major depressive disorder, are met. 38 U.S.C.A. §§ 1110, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

At the outset, the Board notes that the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015).

Given the favorable disposition of the claim for service connection for an acquired psychiatric disorder, namely PTSD and major depressive disorder, the Board finds that all notification and development actions needed to fairly resolve this claim have been accomplished.

The Veteran contends that his current acquired psychiatric disorder, namely PTSD and major depressive disorder, are the result of an in-service personal assault. Specifically, he alleges that he was struck on the head with a lead pipe and that this assault resulted in his current acquired psychiatric disorder. During a September 2013 hearing, the Veteran testified that he had been diagnosed with PTSD by his treating VA physician and detailed his in-service personal assault.

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or from aggravation of a preexisting injury suffered or disease contracted in line of duty. See 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d). 

In order to establish service connection for the claimed disorder on a direct basis, there must be competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). See also Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). The determination as to whether elements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999). 

Service connection for PTSD requires medical evidence establishing a diagnosis of the condition, credible supporting evidence that the claimed in-service stressor occurred, and a link, established by medical evidence, between current symptomatology and the claimed in-service stressor, is required. See 38 C.F.R. 
§ 3.304(f). The Board notes that the Veteran's claimed stressor is not related to enemy combat and that the provisions of 38 C.F.R. § 3.304(f) related to fear of hostile military or terrorist activity are not applicable this case. 

A diagnosis of PTSD must be established in accordance with 38 C.F.R. § 4.125(a), which simply mandates that, for VA purposes, all mental disorder diagnoses must conform to the 4th edition of the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (DSM-IV). Id.

The Board notes that for cases certified to the Board prior to August 4, 2014, the diagnosis of PTSD must be in accordance with the DSM-IV. 38 C.F.R. § 4.125(a). Effective August 4, 2014, VA issued an interim rule amending the portion of its Schedule for Rating Disabilities dealing with mental disorders and its adjudication regulations to, among other things, remove outdated references to the DSM and replace them with references to the recently updated DSM-5. See 79 Fed. Reg. 45,093 (Aug. 4, 2014). The aforementioned changes do not apply to this case, as this was certified to the Board prior to August 4, 2014 

Service treatment records reflect that the Veteran was hit on the head with a lead pipe and that he had sustained a four cm laceration to the left temporal region in July 1973. An August 1973 service treatment record notes the Veteran's reports of sleeping spells and mild headaches since the head injury two weeks earlier and an impression of post-trauma headaches were made. A September 1973 consultation record reflects the Veteran's history of trauma to the temporal region two months earlier, as well as complaints of generalized headaches, fainting, dizziness and insomnia. The Veteran related changes in relations with shipmates since the injury and felt that nobody 'gives a damn and that others were trying to kill him or prevent him from seeing a medical officer. Although the speech pattern was reported to show flight of ideas, the impression was of a normal physical examination, no evidence of organic diagnosis, and paranoid personality was made. The October 1973 separation examination report shows that his psychiatric examination was abnormal and a diagnosis of paranoid personality was entered. In addition, a healing scalp laceration was noted.

As previously indicated, service connection for PTSD on the basis of a non-combat stressor, such as the one claimed by the veteran, requires credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). Here, the service treatment records clearly indicate that the Veteran was struck in the head with a lead pipe in July 1973. Therefore, in light of these noted in-service findings, his claimed stressor of being assaulted is found to be verified.

With regards to the presence of a current diagnosed acquired psychiatric disorder,
the Board notes that the February 2011 VA examiner found that the Veteran did not meet the diagnostic criteria for PTSD, reasoning that his only PTSD-type symptoms related to the in-service attack were nightmares and that other reported symptoms were attributable to other diagnosed disorders. However, the Veteran's VA treatment records reflect an ongoing diagnoses of PTSD and major depressive disorder. A September 2011 VA treatment note, authored by one of the Veteran's treating VA psychologists, indicates that the Veteran met the diagnostic criteria for PTSD. Moreover, a July 2015 private psychological opinion indicates that the Veteran met the diagnostic criteria for PTSD and major depressive disorder. The Board notes that the current disability requirement is satisfied in service connection claims when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim, even if the disability resolves prior to adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). As such, the presence of current disability, to include PTSD and major depressive disorder, is conceded. 

Turning to the question of whether there is an etiological relationship between the Veteran's current acquired psychiatric disorder and service, the Board notes that the record contains no less than three separate etiology opinions which must be considered and weighed. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993) (citing Wood v. Derwinski, 1 Vet. App. 190, 192-93 (1992)). See also Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993) (stating that the probative value of medical evidence is based on the physician's knowledge and skill in analyzing the data, and the medical conclusion the physician reaches; as is true of any evidence, the credibility and weight to be attached to medical opinions are within the province of the Board). When faced with conflicting medical opinions, the Board may favor one medical opinion over the other. See Evans v. West, 12 Vet. App. 22, 30 (1998), citing Owens v. Brown, 7 Vet. App. 429, 433 (1995). The Board will consider each of these opinions below.

A February 2011 VA examination report notes that a personality disorder, by definition, was a chronic characterological syndrome that does not simply remit without treatment in time, that the Veteran did not meet the criteria for paranoid personality disorder now and that it was unlikely that he ever met such criteria when he was diagnosed, as the Veteran's reports of distrust and worry following a personal assault are not considered outside of the realm of rationality. The examiner further noted that it would be more likely than not that the Veteran would continue to carry that diagnosis now if the in-service diagnosis was accurate. This examiner further opined that the Veteran does not have a diagnosis of PTSD and that the symptoms he had described, namely sleep disturbances and depression, were best accounted for by diagnoses of sleep disorder not otherwise specified (NOS) and depressive disorder, NOS, respectively. This examiner did not provide an etiology opinion as to the sleep disorder NOS and/or depressive disorder NOS. The Board also notes that, while the July 2015 private psychological opinion suggests that the author of this examination report had also co-signed a report reflecting a diagnosis of PTSD in the past, such referenced treatment record is not contained in the claims file.

An October 2012 opinion from Dr. P. G., a VA treating psychiatrist, indicates that the Veteran was being treated for PTSD related to having been assaulted with a metal pipe from behind by a shipmate. However, this opinion contained no rationale. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (a medical opinion that contains only data and conclusions is not entitled to any weight); see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). This opinion is therefore afforded little, if any, probative weight.

An October 2012 opinion from Dr. J. V., a VA psychologist, indicates that the Veteran had been formally diagnosed with PTSD and that he had been admitted into the PTSD program in May 2010. The psychologist further noted that the Veteran believed that his well-documented traumas that occurred while in service had affected him throughout his life. No etiology opinion was provided.

In a December 2013 VHA opinion, a VA psychiatrist opined that it was not at least as likely as not that the Veteran's claimed psychiatric disorder was incurred during or caused by active service. The psychiatrist further noted that the record showed that the Veteran had sustained two head injuries in the summer of 1973, that he was struck in the head requiring sutures, that he had another head injury in an apparent bar confrontation and that there was no mention in the record as to the Veteran's involvement in these incidents. The psychiatrist further opined that while the Veteran's VA psychiatric progress notes documented a variety of other psychiatric diagnoses, including major depression and generalized anxiety disorder, there was no evidence that such problems-if they were indeed accurately diagnosed-were related to service. This opinion had clear conclusions and supporting data, as well as a reasoned medical explanation connecting the two. See Nieves-Rodriguez, supra; Stefl, supra.

A July 2015 private psychological opinion indicates that the Veteran's psychological problems were directly attributable to being assaulted by a fellow shipmate during service. The psychologist opined that it was more likely than not that the Veteran's diagnosed PTSD and recurrent major depressive disorder were due to his service as he was misdiagnosed with a paranoid personality disorder at service discharge and should have been diagnosed with anxiety neurosis and depressive neurosis. The psychologist further reasoned that the Veteran had been diagnosed with a number of mental health conditions since service but that he had abused drugs and alcohol for many years in an attempt to alleviate his symptoms, that he had been a well-adjusted individual prior to being assaulted by a fellow sailor and that his chronic mental health problems had escalated since his discharge from service. This opinion had clear conclusions and supporting data, as well as a reasoned medical explanation connecting the two. See Nieves-Rodriguez, supra; Stefl, supra.

In sum, the record contains one competent opinion indicating that the Veteran's current acquired psychiatric disorder were caused by or the result of his in-service personal assault, and another competent, seemingly equally probative opinion indicating that the Veteran's current acquired psychiatric disorder was not related to his service. As the medical opinion evidence on the question of nexus between current acquired psychiatric disorder and service is, essentially, in relative equipoise, the Board finds that such evidence, collectively, indicates that it is at least as likely as not that the Veteran's current acquired psychiatric disorder is the result of in-service injury-specifically, his personal assault. 

When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. See 38 C.F.R. § 3.102. See also 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

Given the facts of this case, and resolving all reasonable doubt in the Veteran's favor, the Board concludes that the criteria for service connection an acquired psychiatric disorder, namely PTSD and major depressive disorder, are met.


ORDER

Service connection for an acquired psychiatric disorder, namely PTSD and major depressive disorder, is granted, subject to the legal authority governing the payment of VA compensation.



____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs